## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**James Armstrong,**

  **Plaintiff,**

**v.**              **Case No. 08-2509-JWL**

**The Wackenhut Corporation a.k.a.**
**G4S Wackenhut,**

  **Defendant.**

### MEMORANDUM & ORDER

Plaintiff, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and violations of the Kansas Minimum Wage and Maximum Hours Law, K.S.A. § 44-1201 et seq. Defendant moves to dismiss plaintiff's state law claim for failure to state a claim upon which relief may be granted (doc. 6). As will be explained, the motion is granted.

The Kansas Minimum Wage and Maximum Hours Law, K.S.A. 44-1201 et seq., expressly does not apply to employers who are obliged to meet the standards of the FLSA. *Dollison v Osborne County*, 241 Kan. 374, 381 (1987). Indeed, the term "employer" for purposes of the Law is defined to exclude "any employer who is subject to the provisions of the fair labor standards act of 1938 (29 U.S.C.A. § 201 et seq.) and any other acts amendatory thereof or supplemental thereto." K.S.A. § 44-1202(d). Similarly, the overtime provisions of the Law expressly do not apply to "the employment of any employee who is covered under the provisions of section 7 of the fair labor standards act of 1938 (29 U.S.C.A. § 207), and as

amended by the fair labor standards amendment of 1974 and any other acts amendatory thereof or supplemental thereto." K.S.A. § 44-1204(c)(1).

Defendant, then, moves to dismiss plaintiff's state law claim on the grounds that the Kansas Minimum Wage and Maximum Hours Law, on its face, is inapplicable where, as here, defendant is a covered employer for purposes of the FLSA and plaintiff is a non-exempt employee under the FLSA. In response, plaintiff agrees that his state law claim should be dismissed if defendant "is willing to stipulate" that it is an employer under the FLSA; that plaintiff is an "employee" under the FLSA; and that no exemption to the FLSA's overtime requirements applies to plaintiff. But defendant has already done as much in its answer to plaintiff's amended complaint. Specifically, defendant expressly admits in its answer that it is "a covered employer under the FLSA" (Answer, ¶ 48); that its employees, including plaintiff, are subject to the overtime provisions of the FLSA (Answer, ¶ 46); and that plaintiff is not exempt from the overtime provisions of the the FLSA (Answer ¶ 49). It is beyond dispute, then, that plaintiff's claim is covered by the FLSA and, as such, his state law claim is barred. *See Lamon v. City of Shawnee*, 1990 WL 186280, at *6 (D. Kan. Oct. 4, 1990) (Kansas Minimum Wage and Maximum Hours Law claim precluded by express provisions of K.S.A. § 44-1204(c)(1) where plaintiffs were covered under overtime provisions of the FLSA).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's state law claim (doc. 6) is granted.

**IT IS SO ORDERED.**

Dated this 18th  day of February, 2009, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge