IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**James Armstrong,**

   **Plaintiff,**

**v.**                 Case No. 08-2509-JWL

**The Wackenhut Corporation a.k.a.
G4S Wackenhut,**

   **Defendant.**

## MEMORANDUM & ORDER

Plaintiff, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant. In his amended complaint, plaintiff alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and violations of the Kansas Minimum Wage and Maximum Hours Law (KMWMHL), K.S.A. § 44-1201 et seq. Thereafter, defendant moved to dismiss plaintiff's state law claim for failure to state a claim upon which relief may be granted and the court granted the motion. Defendant now seeks to recover from plaintiff's counsel its attorneys' fees and costs incurred in filing the motion to dismiss because, according to defendant, plaintiff's counsel's "objectively unreasonable conduct unnecessarily multiplied these proceedings." In support of its motion for fees, defendant contends that plaintiff's counsel failed to dismiss plaintiff's state law claim "even though defendant repeatedly conceded the Fair Labor Standards Act applied to plaintiff's claims." As will be explained, the motion is denied.

By way of background, the KMWMHL expressly does not apply to employers who are obliged to meet the standards of the FLSA. *Dollison v Osborne County*, 241 Kan. 374, 381

(1987). Indeed, the term "employer" for purposes of the KMWMHL is defined to exclude "any employer who is subject to the provisions of the fair labor standards act of 1938 (29 U.S.C.A. § 201 et seq.) and any other acts amendatory thereof or supplemental thereto." K.S.A. § 44-1202(d). Similarly, the overtime provisions of the KMWMHL expressly do not apply to "the employment of any employee who is covered under the provisions of section 7 of the fair labor standards act of 1938 (29 U.S.C.A. § 207), and as amended by the fair labor standards amendment of 1974 and any other acts amendatory thereof or supplemental thereto." K.S.A. § 44-1204(c)(1). Thus, if an employee is excluded from the FLSA under an exemption that is unique to the federal law, the employee would still be subject to the KMWMHL. *Dollison*, 241 Kan. at 382.-83.

In his amended complaint, plaintiff filed suit under both the FLSA and the KMWMHL. Defendant moved to dismiss the state law claim on the grounds that defendant is a covered employer for purposes of the FLSA and plaintiff is a non-exempt employee under the FLSA such that the KMWMHL did not apply. In response, plaintiff agreed to the dismissal of his state law claim if defendant would concede those facts establishing that plaintiff's claim for overtime wages was covered by the FLSA such that the KMWMHL was indeed barred–namely, that it is an employer under the FLSA; that plaintiff is an "employee" under the FLSA; and that no exemption to the FLSA's overtime requirements applied to plaintiff. Finding that defendant had admitted those facts in its answer to plaintiff's amended complaint, the court granted the motion to dismiss.

Defendant now seeks to recover from plaintiff's counsel its attorneys' fees and costs

incurred in filing its motion to dismiss. According to defendant, plaintiff's counsel unreasonably refused to voluntarily dismiss the state law claim prior to the filing of the motion despite defendant's willingness to concede the applicability of the FLSA. Defendant's motion for fees is made pursuant to 28 U.S.C. § 1927. That section provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In *Braley v. Campbell*, 832 F.2d 1504 (10th Cir. 1987), the Tenth Circuit articulated the proper standard for imposing attorney's fees and costs personally against an attorney under section 1927. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998). The Circuit rejected a subjective good faith inquiry and concluded, instead, that sanctions under section 1927 are warranted only when the conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *See id.* (quoting *Braley*, 832 F.2d at 1512). This standard is then used to decide whether "by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law," an attorney subjects himself to sanctions under section 1927. *Id.* (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)). As the Tenth Circuit summarized in *Miera*, sanctions are appropriate under section 1927 when an attorney is "cavalier or 'bent on misleading the court;'" when an attorney "intentionally acts without a plausible basis;" "when the entire course of the proceedings was unwarranted;" or when "certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the costs

of the litigation." *See id.* (citations omitted). Finally, because section 1927 "is penal in nature, 'the award should be made "only in instances evidencing serious and standard disregard for the orderly process of justice."'" *Id.* (citations omitted).

The court does not believe that the conduct of plaintiff's counsel evidences a serious disregard for the orderly process of justice. While defendant's motion to dismiss was successful, there is no evidence that counsel for plaintiff "intentionally acted without a plausible basis" in opposing the motion. Defendant's motion for fees is based exclusively on the refusal of plaintiff's counsel to voluntarily dismiss the state law claim (prior to the filing of the motion to dismiss) in the face of defendant's willingness to "concede the applicability of the FLSA." The record reflects that plaintiff's counsel responded to the proposal by expressing concern that defendant had not elaborated on the intended scope of the phrase "applicability of the FLSA" and asking whether defendant intended that phrase to mean that "no exemptions applied" to plaintiff. The record further reflects that defendant did not concede that plaintiff was a non-exempt employee for purposes of the FLSA until the filing of its answer. The answer was filed the same day as defendant's motion to dismiss. In such circumstances, the court cannot conclude that plaintiff's counsel should be required to pay the fees associated with the filing the motion to dismiss.

Defendant contends that "conceding the FLSA applies is the same as saying Plaintiff was non-exempt."[1] The court disagrees. Defendant's statement that it was willing to "concede the

---

[1] Defendant also states that the court "had no difficulty understanding Defendant's proposal" because it found, in granting the motion to dismiss, that defendant "had already

4

applicability of the FLSA," without more, is susceptible to more than one interpretation, including the narrow interpretation that defendant, as an employer, is subject to the provisions of the FLSA. While the phrase could also encompass the broader interpretation that the overtime provisions of the FLSA applied to plaintiff, that interpretation is not obvious from the record before the court. In such circumstances, it was not unreasonable for plaintiff to seek clarification on the meaning of the phrase and one could argue that defendant's counsel was unreasonable for refusing to clarify (prior to filing its answer and motion to dismiss) that defendant intended to include in its concession that the overtime provisions of the FLSA fully applied to plaintiff.

In sum, the conduct of plaintiff's counsel does not warrant section 1927 sanctions under *Braley*. Defendant's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for attorneys' fees under 28 U.S.C. § 1927 (doc. 43) is **denied** and plaintiff's motion for leave to file a surreply (doc. 59) is **denied as moot**.

**IT IS SO ORDERED.**

---

agreed that the FLSA applied to Plaintiff's claims." This argument lacks merit. First, the court had no knowledge of defendant's proposal until the filing of the motion for fees. Second, the court granted the motion based on specific admissions contained in defendant's answer, including the specific admission that plaintiff was not exempt from the overtime provisions of the FLSA.

Dated this 6th day of May, 2009, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge